

September 24, 2024

The Hon. David J. Smith, Clerk of Court
United States Court of Appeals, Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

      Re:    *Moms for Liberty—Brevard County, Fla. v. Brevard Public Schools*,
              U.S. Court of Appeals, Eleventh Cir. No. 23-10656

             Response to Notice of Supplemental Authority, Fed. R. App. P. 28(j), via ECF

Dear Mr. Smith:

      Plaintiffs have argued that school board public comment periods are limited public fora. Pl. Br. at 35. This Court's en banc decision in *McDonough v. Garcia*, No. 22-11421, confirms that this "will often be" so. 2024 U.S. App. LEXIS 23485, at *19 (11th Cir. Sept. 16, 2024). Under *McDonough*'s test, it is true of Brevard Public Schools' public comment periods.

      That means that Defendants' "restrictions on speech must not discriminate against speech on the basis of viewpoint and must be reasonable in light of the purpose served by the forum." *Id.* (internal quotation marks omitted). The challenged prohibitions flunk both prongs.

      Defendants again claim, at the highest level of generality, that "the Policy does not target any viewpoint." Dkt. 84. What Defendants' letter omits: any description of what, exactly, is being challenged in this lawsuit—prohibitions on "abusive," "personally directed," and whatever Defendants consider to be "obscene" speech. These restrictions all turn on viewpoint. Pl. Br. at 40-41, 50-52.

      Nor are these challenged policies reasonable, on their face or as applied, as they do not actually advance any interest in "maintaining decorum, preventing disruption, and ensuring efficient meetings." Dkt. 84. Indeed, they are manifestly incompatible with the forum's purposes. The Board hears public comment because it "recognizes the value to school governance of public comment on educational issues and the importance of allowing members of the public to express themselves on school matters of community interest." Doc. 20 at 113. For this reason, "[m]embers of the public shall be given a reasonable opportunity to be heard on a proposition before the Board," broadly defined, *id.*, including "agenda action items," *id.* at 114.

      The forum's purposes are frustrated when people cannot "express themselves on school matters of community interest" because their "comments on educational issues" are ruled "abusive," "personally directed," or "obscene." Public comment about "school governance" requires tolerance of views that *criticize* "school governance," provide feedback that others may find unpleasant, and discuss, frankly, however salacious it may be, school material.

Sincerely,

Alan Gura
Alan Gura
Counsel for Appellants

The body of this letter contains 331 words as measured by Microsoft Word.

cc: All counsel (via ECF)